# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/23/2025
CT Log Number 550441889

## Service of Process Transmittal Summary

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 HARTFORD PLZ
HARTFORD, CT 06155-0001

**RE:** **Process Served in New Jersey**

**FOR:** Hartford Insurance Company of the Midwest (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EXXON MOBIL CORPORATION vs. HARTFORD ACCIDENT AND INDEMNITY COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint and Jury Demand, Designation, Certification, Attachment(s), Notice |
| **COURT/AGENCY:** | Mercer County - New Jersey Superior Court - Law Division, NJ<br>Case # MERL00216725 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/23/2025 postmarked on 10/20/2025 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Pamela D. Hans<br>ANDERSON KILL P.C.<br>One Gateway Center, Suite 1500<br>Newark, NJ 07102<br>267-216-2720 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2025, Expected Purge Date: 10/29/2025<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Inna Vartanova inna.vartanova@thehartford.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | Documents Were Served Upon The New Jersey Department of Banking and Insurance On (10/17/2025) And Forwarded To Ct Corporation |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/23/2025
CT Log Number 550454166

## Service of Process Transmittal Summary

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 HARTFORD PLZ
HARTFORD, CT 06155-0001

**RE:** **Process Served in New Jersey**

**FOR:** Hartford Accident and Indemnity Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EXXON MOBIL CORPORATION vs. Hartford Accident and Indemnity Company |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Mercer County Superior Court, NJ<br>Case # MERL00216725 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/23/2025 postmarked on 10/20/2025 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt |
| **ATTORNEY(S)/SENDER(S):** | Pamela D. Hans<br>ANDERSON KILL P.C.<br>One Gateway Center, Suite 1500<br>Newark, NJ 07102<br>(267) 216-2720 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2025, Expected Purge Date: 10/29/2025<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Inna Vartanova inna.vartanova@thehartford.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

STATE OF N
DEPARTME
PO BOX 325
TRENTON, NJ 08625-0325

0003 3437 4226

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 08628 $ 012.98⁰
02 7W
0008037454 OCT 20 2025

Hartford Accident & Indemnity Company
c/o CT Corporation System
820 Bear Tavern Rd.
West Trenton, NJ 08628

RETURN RECEIPT REQUESTED

State of New Jersey
Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

Philip D. Murphy
*Governor*

Tahesha L. Way
*Lt. Governor*

Justin Zimmerman
*Commissioner*

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

10/17/2025

Attention:
C T CORPORATION SYSTEM
HARTFORD ACCIDENT AND INDEMNITY COMPANY
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

RE: Exxon Mobil Corporation v. Hartford Accident and Indemnity Company, et als
Superior Court of New Jersey, Mercer County Law Division
Docket No.: MER-L-2167-25

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

**Margie Greco**
Administrative Assistant

C: Anderson Kill PC
ATTN: Pamela D. Hans, Esq.
John P. Lacey, Jr., Esq.
One Gateway Center, Suite 1500
Newark, NJ 07102

# SUMMONS

Attorney(s) Pamela D. Hans; John P. Lacey Jr.
Office Address One Gateway Center, Suite 1500
Town, State, Zip Code Newark, New Jersey 07102

Telephone Number 267) 216-2720
Attorney(s) for Plaintiff Exxon Mobil Corporation

EXXON MOBIL CORPORATION,

Plaintiff(s)

vs.

HARTFORD ACCIDENT AND
INDEMNITY COMPANY, et. al.
Defendant(s)

**Superior Court of New Jersey**

Mercer County
Civl Division
Docket No: MER-L-002167-25

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: 10/17/2025

Name of Defendant to Be Served: HARTFORD ACCIDENT AND INDEMNITY COMPANY

Address of Defendant to Be Served: One Hartford Plaza, Hartford, CT 06155 c/o NJ Dept. of Banking and Ins.

**C/O**
Attention: Marge Greco, Admin. Assistant
Office of Legislative & Regulatory Affairs
New Jersey Department of Banking and Insurance
20 West State Street
PO Box 325
Trenton, NJ 08625
E-mail: legsregs@dobi.nj.gov

Pamela D. Hans (Bar No. 005632001)
John P. Lacey Jr. (Bar No. 230812018)
**ANDERSON KILL P.C.**
One Gateway Center, Suite 1500
Newark, New Jersey 07102
phans@andersonkill.com
jlacey@andersonkill.com
Tel.: (267) 216-2720

Jorge R. Aviles, Esq. (*pro hac vice* forthcoming)
Jamie L. O'Neill, Esq. (*pro hac vice* forthcoming)
**ANDERSON KILL P.C.**
7 Times Square, Floor 15
New York, New York 10036
javiles@andersonkill.com
joneill@andersonkill.com
Tel.: (212) 278-1000

*Attorneys for Plaintiff*
*Exxon Mobil Corporation*

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD INSURANCE COMPANY OF THE MIDWEST; STONINGTON INSURANCE COMPANY (*f/k/a* NOBEL INSURANCE COMPANY); ILLINOIS NATIONAL INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; NATIONAL INTERSTATE INSURANCE COMPANY; and NATIONAL INTERSTATE INSURANCE COMPANY OF HAWAII, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: ___________<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff Exxon Mobil Corporation ("ExxonMobil") brings this Complaint against Defendants Hartford Accident and Indemnity Company and Hartford Insurance Company of the Midwest (collectively, "Hartford"); Stonington Insurance Company (*f/k/a* Nobel Insurance Company) ("Stonington"); Illinois National Insurance Co. ("Illinois National"); Zurich American Insurance Company ("Zurich"); National Interstate Insurance Company and National Interstate Insurance Company of Hawaii, Inc. (collectively, "National Interstate") (collectively, the "Defendant Insurance Companies"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action for breach of contract and declaratory judgment for defense and indemnity coverage under primary commercial general liability ("CGL") insurance policies for two underlying bodily injury lawsuits alleging that exposure to benzene, a constituent of petroleum products, caused the underlying plaintiffs' cancer (the "Underlying Actions").

2. Island Transportation Corporation ("ITC")—a trucking company that provides transportation services for the petroleum industry—employed both underlying plaintiffs, Peter Singh ("Singh") and Harrington Watt ("Watt"), and tasked them with transporting petroleum products (gasoline and diesel) to fueling stations.

3. Singh and Watt allege that the exposure to benzene caused them to develop multiple myeloma, a blood cancer.

4. Singh and Watt filed suit against several petroleum refiners, including those of ExxonMobil, and allege that ExxonMobil failed to warn of the dangers of benzene, to provide proper protective equipment, and to train or advise them as to the safe handling of the petroleum products at issue.

5. The Defendant Insurance Companies sold ITC primary CGL insurance policies covering liabilities for claims or suits against ITC alleging bodily injury arising out of a covered occurrence.

6. During the relevant periods, ITC was an independent contractor of ExxonMobil. Pursuant to a series of contracts, ITC provided motor transportation and delivery of ExxonMobil petroleum products to and from certain enumerated terminals to fueling stations.

7. Pursuant to those same contracts, ITC was obligated to procure CGL insurance policies that listed ExxonMobil as an additional insured or otherwise provided coverage to ExxonMobil.

8. The Insurance Policies[1] sold by the Defendant Insurance Companies provide for additional insured coverage to ExxonMobil covering liabilities for claims or suits against ExxonMobil alleging bodily injury arising out of a covered occurrence for liabilities arising out of claims or suits against ExxonMobil for liabilities arising out of, among other things, ITC's work, operations, negligence, acts, or omissions.

9. ExxonMobil gave notice of the Underlying Actions to the Defendant Insurance Companies.

10. Hartford and Zurich acknowledged their defense obligations owed to ExxonMobil in connection with Watt, but agreed to pay only part of ExxonMobil's defense. The other Defendant Insurance Companies improperly denied defense and indemnity coverage to ExxonMobil for one or both Underlying Actions.

11. ExxonMobil now seeks damages for breach of the insurance contracts sold by the Defendant Insurance Companies and a judicial declaration from this Court that each Defendant

[1] "Insurance Policies" refer collectively to the applicable insurance policies sold and issued, and to which ExxonMobil is an additional insured, to ITC by the Defendant Insurance Companies.

Insurance Company has a duty to ExxonMobil for defense cost coverage and potential indemnity obligations arising from the Underlying Actions.

12. A judicial declaration is appropriate now given the live controversy that exists between ExxonMobil and the Defendant Insurance Companies.

## THE PARTIES

13. Plaintiff ExxonMobil is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 22777 Springwoods Village Parkway, Spring, Texas 77389.

14. Upon information and belief, Defendant Hartford Accident and Indemnity Company is an insurance company organized under the laws of the State of Connecticut, with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. Hartford Accident and Indemnity Company is licensed to conduct business and is doing business in the State of New Jersey.

15. Upon information and belief, Defendant Hartford Insurance Company of the Midwest is an insurance company organized under the laws of the State of Indiana, with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. Hartford Insurance Company of the Midwest is licensed to conduct business and is doing business in the State of New Jersey.

16. Upon information and belief, Defendant Stonington is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One QBE Way, Sun Prairie, Wisconsin 53596. Stonington is licensed to conduct business and is doing business in the State of New Jersey.

17. Upon information and belief, Defendant Illinois National is an insurance company organized under the laws of the State of Illinois, with its principal place of business at 1271 Avenue of the America, Floor 37, New York, New York 10020. Illinois National is licensed to conduct business and is doing business in the State of New Jersey.

18. Upon information and belief, Defendant Zurich is an insurance company organized under the laws of the State of New York, with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is licensed to conduct business and is doing business in the State of New Jersey.

19. Upon information and belief, Defendant National Interstate Insurance Company is an insurance company organized under the laws of the State of Ohio, with its principal place of business at 3250 Interstate Drive, Richfield, Ohio 44286. National Interstate Insurance Company is licensed to conduct business and is doing business in the State of New Jersey.

20. Upon information and belief, Defendant National Interstate Insurance Company of Hawaii, Inc. is an insurance company organized under the laws of the State of Ohio, with its principal place of business at 3250 Interstate Drive, Richfield, Ohio 44286. National Interstate Insurance Company of Hawaii, Inc. is licensed to conduct business and is doing business in the State of New Jersey.

## JURISDICTION AND VENUE

21. This Court has personal jurisdiction over the Defendant Insurance Companies as all Defendants regularly conduct business in New Jersey and all are licensed to sell insurance in New Jersey.

22. This Court has subject-matter jurisdiction over this action pursuant to the New Jersey Declaratory Judgments Act, N.J. Stat. §§ 2A:16–50, *et seq*.

23. Venue is proper in the Superior Court of New Jersey, Law Division, Mercer County, pursuant to N.J. Ct. R. 4:3–2, as ExxonMobil's registered office of incorporation is at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

## STATEMENT OF FACTS

### I. The Underlying Actions

#### A. The Singh Action

24. In August 2022, Peter Singh filed a lawsuit (the "Singh Action") in the Superior Court of New Jersey, Middlesex County, No. MID-L-004215-22, against several owners and operators of fueling stations in New Jersey, including ExxonMobil.

25. As alleged in the Singh Action, ITC employed Singh from 1996 through 2020.

26. At ITC, Singh alleges he was tasked with transporting petroleum products to various fueling stations.

27. Singh alleges that such petroleum products contained benzene, a chemical which caused him to develop cancer.

28. Singh further alleges that ExxonMobil was negligent in failing to provide adequate warnings concerning the carcinogenic risks associated with the handling—namely, the loading and unloading—of petroleum products containing benzene.

29. ITC was an independent contractor of ExxonMobil.

30. Upon information and belief, per its obligations, ITC, as Singh's employer, should have provided training, equipment, and appropriate protective measures to protect Singh from benzene exposure.

31. On March 27, 2024, ExxonMobil initiated a third-party action in the Singh Action against ITC for common-law indemnification, contractual indemnification, breach of contract, unjust enrichment, and contribution. Third-Party Complaint, *Singh v. Exxon Mobil Corp.*, No.

MID-L-004215-22, LCV20241026283 (N.J. Super. Ct. filed Apr. 22, 2024). On July 19, 2024, the Singh Court granted ITC's motion to dismiss only as to the claim for contribution, as barred by the New Jersey Workers' Compensation Act.

**B. The Watt Action**

32. In February 2024, Harrington Watt filed a lawsuit (the "Watt Action") in the Supreme Court of New York, New York County, No. 151554/2024, against several owners and operators of fueling stations in New York, including ExxonMobil.

33. As alleged in the Watt Action, ITC employed Watt from approximately 1985 through 2022.

34. At ITC, Watt alleges he was tasked with transporting petroleum products to various fueling stations.

35. Watt alleges that such petroleum products contained benzene, a chemical which caused him to develop cancer.

36. Watt also alleges that ExxonMobil manufactured and sold petroleum products containing benzene, and that ExxonMobil owned or operated terminals and loading racks where Watt loaded petroleum products for ITC.

37. Upon information and belief, per its obligations, ITC, as Watt's employer, should have provided training, equipment, and appropriate protective measures to protect Watt from benzene exposure.

38. Watt contends that ExxonMobil was aware that benzene was contained in its products and that benzene was shown to cause cancer and fatal blood disease.

39. Watt further contends that ExxonMobil did not adequately warn Watt of the safeguards, protective equipment, apparel, and appliances necessary to protect him from exposure

to benzene. Additionally, Watt alleges that ExxonMobil failed to train or advise Watt as to the safe handling of its products.

40. On March 10, 2025, ExxonMobil initiated a third-party action in the Watt Action against ITC for common-law indemnification, contractual indemnification, breach of contract, unjust enrichment, and contribution. On April 21, 2025, ExxonMobil amended its third-party complaint. Amended Third-Party Complaint, *Watt v. BP Prods. N. Am. Inc.*., No. 151554/2024, NYSCEF Doc. 143 (N.Y. Super. Ct. N.Y. Cnty. filed Apr. 21, 2025).

## II. ExxonMobil's Contractual Relationship with ITC

41. On December 1, 1991, ExxonMobil and ITC entered a Motor Carrier Contract (the "1991 Contract"), under which ITC agreed to defend and indemnify ExxonMobil for any injuries to an ITC employee.

42. The 1991 Contract was for a 32-month term and continued from month-to-month thereafter unless either ExxonMobil or ITC terminated the 1991 Contract on written notice. Pursuant to the 1991 Contract, ITC provided motor transportation and delivery of ExxonMobil petroleum products from certain enumerated terminals.

43. Pursuant to the 1991 Contract, ITC also agreed to secure CGL insurance policies that list ExxonMobil as an additional insured.

44. Thereafter, on October 6, 1995, ExxonMobil and ITC entered another Motor Carrier Contract (the "1995 Contract"). The 1995 Contract replaced the 1991 Contract.

45. Under the terms of the 1995 Contract, ITC agreed to defend and indemnify ExxonMobil for any injuries to an ITC employee.

46. The 1995 Contract was for a five-year term and continued monthly thereafter unless either ExxonMobil or ITC terminated the 1995 Contract on written notice.

47. Pursuant to the 1995 Contract, ITC provided motor transportation and delivery of ExxonMobil's petroleum products to and from certain enumerated terminals.

48. Subsequently, ITC and Exxon Mobil Global Services Company entered into a Standard Trucking Agreement on March 1, 2010 (the "2010 Agreement"), relating to the transportation of petroleum products in bulk by tanker truck. The 2010 Agreement replaced the 1995 Contract.

49. Pursuant to the 2010 Agreement, ITC further agreed to maintain insurance that listed ExxonMobil as an additional insured and otherwise provide coverage to ExxonMobil under its CGL Insurance Policies.

## III. <u>The ITC Insurance Policies</u>

### C. The Hartford Policies

50. Hartford sold ITC CGL insurance policies, bearing policy No. 01 UEN DQ3423, with policy periods of November 1, 1987 through December 3, 1991 (the "Hartford Policies").

51. Harford agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and is obligated to "defend any 'suit" seeking those damages."

52. "Bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

53. The Hartford Policies each contain an "Additional Insured – Owners, Lessees or Contractors (Form B) Endorsement" that modifies the CGL Coverage Part, the endorsement states:

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you. [...]
>
> 4. – MOBIL OIL CORP.

54. ExxonMobil has complied with any obligations and conditions precedent under the Hartford Policies.

55. Hartford has a duty under the terms of the Hartford Policies to defend ExxonMobil in the Singh and Watt Actions and a duty to indemnify ExxonMobil in any settlement that may be reached or judgment that may be entered in each of those actions.

**D. The Stonington Policy**

56. Stonington sold ITC a CGL insurance policy, bearing policy No. TGL1004451-0, with a policy period of September 11, 1996 through September 11, 1997 (the "Stonington Policy"). The Stonington Policy contains a $1,000,000 limit of liability for each occurrence and a $2,000,000 aggregate limit.

57. Stonington agreed to pay "those sums that the insured becomes legally obligated to pay as damages because of "'bodily injury' or 'property damage' to which this insurance applies," and is obligated to "defend the insured against any 'suit' seeking those damages…."

58. The Stonington Policy contains an "Additional Insured – Designated Person or Organization (Blanket)" endorsement, which states:

> SCHEDULE
>
> Name of Person or Organization
>
> All persons or organizations which are on file with the company [Stonington] via certificates of insurance.
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
>
> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

59. ExxonMobil has complied with any obligations and conditions precedent under the Stonington Policy.

60. Stonington has a duty under the terms of the Stonington Policy to defend ExxonMobil in the Singh and Watt Actions and a duty to indemnify ExxonMobil in any settlement that may be reached or judgment that may be entered in each of those actions.

**E. The Illinois National Policies**

61. Illinois National sold ITC CGL insurance policies, bearing policy No. 173-76-77 and No. 173-80-91, with policy periods of September 30, 2000 through September 30, 2006 (the "Illinois National Policies"). Each of the Illinois National Policies contain a $1,000,000 limit of liability for each occurrence and a $1,000,000 aggregate limit.

62. Illinois National agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and is obligated to "defend the insured against any 'suit' seeking those damages…."

63. "Bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

64. Upon information and belief, The Illinois National Policies include an "Additional Insured – Where Required Under Contract or Agreement" Endorsement that modifies the CGL Coverage Part, the endorsement states, in relevant part:

> Section II - Who is an Insured, 1., is amended to add:
>
> d. Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned by or rented to you. However, the insurance provided will not exceed the lesser of:
>
> 1. The coverage and/or limits of this policy, or
>
> 2. The coverage and/or limits required by said contract or agreement.

65. ExxonMobil has complied with any obligations and conditions precedent under the Illinois National Policies.

66. Illinois National has a duty under the terms of the Illinois National Policies to defend ExxonMobil in the Singh and Watt Actions and a duty to indemnify ExxonMobil in any settlement that may be reached or judgment that may be entered in each of those actions.

**F. The Zurich Policies**

67. Zurich sold ITC CGL insurance policies, bearing policy No. GLO 3036769, with policy periods of September 30, 2006 through September 30, 2009 (the "Zurich Policies"). Each of the Zurich Policies contain a $1,000,000 limit of liability for each occurrence and a $2,000,000 aggregate limit.

68. Zurich agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and is obligated to "defend the insured against any 'suit' seeking those damages…."

69. "Bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

70. The Zurich Policies include an "Additional Insured – Automatic – Owners, Lessees Or Contractors – Broad Form" Endorsement that modifies the CGL Coverage Part, the endorsement states, in relevant part:

> A. WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement.
>
> B. The insurance provided to additional insureds applies only to "bodily injury", "property damage" or "personal and advertising injury" covered under Section I, Coverage A, BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Coverage B, PERSONAL AND ADVERTISING INJURY LIABILITY, but only if:

1. The "bodily injury" or "properly damage" results from your negligence; and

2. The "bodily injury", "property damage" or "personal and advertising injury" results directly from:

a. Your ongoing operations; or

b. "Your work" completed as included in the "products-completed operations hazard", performed for the additional insured, which is the subject of the written contract or written agreement.

C. However, regardless of the provisions of paragraphs A. and B. above:

1. We will not extend any insurance coverage to any additional insured person or organization:

a. That is not provided to you in this policy; or

b. That is any broader coverage than you are required to provide to the additional insured person or organization in the written contract or written agreement; [...]

71. ExxonMobil has complied with any obligations and conditions precedent under the Zurich Policies.

72. Zurich has a duty under the terms of the Zurich Policies to defend ExxonMobil in the Singh and Watt Actions and a duty to indemnify ExxonMobil in any settlement that may be reached or judgment that may be entered in each of those actions.

**G. The National Interstate Policies**

73. Upon information and belief, National Interstate sold ITC CGL policies, bearing various policy numbers, with policy periods of September 30, 2009 through April 1, 2023 (the "National Interstate Policies"). Each of the National Interstate Policies contain a $1,000,000 limit of liability for each occurrence and a $2,000,000 aggregate limit.

74. National Interstate agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and is obligated to "defend the insured against any 'suit' seeking those damages…."

75. "Bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

76. Upon information and belief, the National Interstate Policies each include a variation of an additional insured endorsement.

77. Upon information and belief, certain of the National Interstate Policies also include an "Additional Insured – Automatic – Owners, Lessees Or Contractors - Scheduled Person or Organization" Endorsement that modifies the CGL Coverage Part, the endorsement states, in relevant part (or in variations thereof):

> A. Section II- Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury " ... caused, in whole or in part, by:
>
> 1. Your acts or omissions, or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the locations(s) designated above.

78. Upon information and belief, certain other of the National Interstate Policies include an additional insured endorsement with the following language, in relevant part:

> The entity(ies) identified on Certificates of Insurance on file with the Company are Additional Insureds under this policy as respects the operations of the Named Insured, but only with respect to the liability arising out of the operations performed by the Named Insured, and the coverage shall not be broader than coverage afforded the Named Insured.

79. ExxonMobil has complied with all obligations and all conditions precedent under the National Interstate Policies.

80. National Interstate has a duty under the terms of the National Interstate Policies to defend ExxonMobil in the Singh and Watt Actions and a duty to indemnify ExxonMobil in any settlement that may be reached or judgment that may be entered in each of those actions.

## IV. The Defendant Insurance Companies' Improper Denials

81. The Underlying Actions trigger coverage obligations under each of the insurance policies sold by the Defendant Insurance Companies to ITC, as both Underlying Actions allege bodily injury that was allegedly sustained by employees of ITC, ExxonMobil's subcontractor, caused by the acts and/or omissions of ITC.

82. Accordingly, the Underlying Actions trigger coverage of ExxonMobil as an additional insured under each of the Insurance Policies.

83. On February 26, 2024, ExxonMobil tendered timely notice of the Singh Action to the Insurance Company Defendants.

84. On April 5, 2024, ExxonMobil also tendered timely notice of the Watt Action to the Insurance Company Defendants.

85. The Defendant Insurance Companies have no valid factual or legal basis for their refusal to defend and indemnify ExxonMobil as an additional insured under each of their respective Insurance Policies sold to ITC.

86. The claims in the Underlying Actions against ExxonMobil arise directly and entirely from ITC's employment, negligence, operations, supervision, and/or obligations towards ITC's employees.

87. Accordingly, the Defendant Insurance Companies have breached their contractual duties to ExxonMobil under the Insurance Policies.

### A. Improper Insurance Handling in the Singh Action

88. As to Stonington, ExxonMobil tendered the Singh Action on February 26, 2024; although Stonington did not deny coverage, it failed to respond and failed to defend ExxonMobil. Stonington's non-responsiveness, and reckless disregard for ExxonMobil's claim while ExxonMobil defends the Singh Action, breached its duties as an insurer to ExxonMobil and under applicable law.

89. As to Illinois National, ExxonMobil tendered the Singh Action on February 26, 2024, and on July 15, 2024, Illinois National disclaimed its defense and indemnity obligations for the Singh Action towards ExxonMobil as an additional insured under the Illinois National Policies. Illinois National's denial, without conducting a proper claims-handling investigation, breached its duties as an insurer to ExxonMobil and under applicable law.

90. As to Zurich, ExxonMobil tendered the Singh Action on February 26, 2024, Zurich first denied coverage on March 14, 2024.

91. Zurich then accepted its defense obligations on April 8, 2024, subject to a reservation of rights. In accepting its duty to defend, Zurich conceded that the allegations in the Singh Action provided a potential basis for coverage and triggered coverage under the Zurich Policy and obligated Zurich to defend ExxonMobil in the Singh Action.

92. On November 25, 2024, Zurich—again—reaffirmed its acknowledgment of defense coverage, but asserted that the "auto exclusion" may apply.

93. Given Zurich's acknowledgment of its duty to defend, ExxonMobil reasonably relied on Zurich's promise to defend while in the throes of underlying litigation.

94. But then, on April 2, 2025, in a striking about-face—many months after notice of the Singh Action—Zurich outright repudiated its prior defense coverage position and denied defense and indemnity.

95. Zurich's unjustified coverage-shifting positions breached Zurich's duties as an insurance company of ExxonMobil.

96. As to National Interstate, ExxonMobil tendered the Singh Action on February 26, 2024. Although National Interstate did not deny coverage, it failed to respond and failed to defend ExxonMobil. National Interstate's non-responsiveness and reckless disregard for ExxonMobil's claim while ExxonMobil was defending, without the assistance of National Interstate, the Singh Action, breached its duties as an insurer to ExxonMobil and under applicable law.

**B. Improper Insurance Handling in the Watt Action**

97. As to Hartford, ExxonMobil tendered the Watt Action on April 5, 2024, and on July 24, 2024, Hartford issued a reservation of rights letter and disclaimed coverage under numerous defenses.

98. As to Stonington, ExxonMobil tendered the Watt Action on April 5, 2024, and on October 11, 2024, Stonington disclaimed its defense and indemnity obligations for the Watt Action towards ExxonMobil as an additional insured under the Stonington Policy.

99. As to Illinois National, ExxonMobil tendered the Watt Action on April 5, 2024. Although Illinois National did not deny coverage, it failed to respond and failed to defend ExxonMobil. Illinois National's non-responsiveness and reckless disregard for ExxonMobil's claim while ExxonMobil defends the Singh Action, breached its duties as an insurer to ExxonMobil.

100. As to Zurich, Zurich accepted coverage on June 4, 2024, supplemented on November 25, 2024 and April 2, 2025, under a reservation of rights.

101. Subsequently, Hartford and Zurich agreed to defend the Watt Action under a reservation of rights and to pay a certain percentage of defense costs incurred in defending the Watt Action.

102. By letter dated April 23, 2025, Zurich and Hartford asserted that it was ExxonMobil, not the insurance companies, who was responsible for the large majority of defense costs incurred by ExxonMobil in the defense of the Watt Action.

103. Zurich and Hartford acted in bad faith and with reckless disregard to ExxonMobil by putting their own pecuniary interests above those of its additional insured, ExxonMobil.

104. On May 20, 2024, National Interstate disclaimed its defense and indemnity obligations for the Watt Action towards ExxonMobil as an additional insured under the National Interstate Policies. National Interstate's denial, without conducting a proper claims-handling investigation, breached its duties as an insurer to ExxonMobil.

## <u>COUNT I</u>
## Declaratory Judgment (as Against Hartford and Zurich)

105. ExxonMobil incorporates by reference all allegations contained in the above paragraphs as if fully set forth herein.

106. Hartford improperly agreed to pay only part of ExxonMobil's defense costs in the Watt Action subject to a reservation of rights.

107. Zurich improperly agreed to pay only part of ExxonMobil's defense costs in the Watt Action subject to a reservation of rights.

108. Neither Hartford nor Zurich is permitted to defend only part of an action or partially pay ExxonMobil's defense since both Hartford's and Zurich's defense obligations to ExxonMobil are triggered by the Watt Action.

109. An actual controversy exists between ExxonMobil and Hartford as to whether Hartford is required to fully defend and indemnify ExxonMobil for the Watt Action.

110. An actual controversy exists between ExxonMobil and Zurich as to whether Zurich is required to fully defend and indemnify ExxonMobil for the Watt Action.

111. ExxonMobil is an additional insured under the Hartford Policies.

112. ExxonMobil is an additional insured under the Zurich Policies.

113. The Watt Action seeks damages incurred because of bodily injury due to benzene exposure from petroleum products during Watt's employment with ITC from 1985 through 2022.

114. The damages sought in the Watt Action fall within the insuring agreement of the Hartford Policies.

115. The damages sought in the Watt Action fall within the insuring agreement of the Zurich Policies.

116. The allegations in the Watt Action trigger Hartford's duty to defend ExxonMobil and no exclusions apply that would relieve Hartford from its duty to defend, indemnify, and pay on behalf of ExxonMobil a settlement that may be reached or judgment that may be entered in the Watt Action.

117. The allegations in the Watt Action trigger Zurich's duty to defend ExxonMobil and no exclusions apply that would relieve Zurich from its duty to defend, indemnify, and pay on behalf of ExxonMobil a settlement that may be reached or judgment that may be entered in the Watt Action.

118. ExxonMobil is entitled to a declaration that Hartford and Zurich are required to fully defend ExxonMobil in the Watt Action and indemnify ExxonMobil for any settlements or judgments in the Watt Action, up to the applicable limits of liability of their respective policies.

**COUNT II**
**Declaratory Judgment (as Against Stonington, Illinois National, Zurich, and National Interstate)**

119. ExxonMobil incorporates by reference all allegations contained in the above paragraphs as if fully set forth herein.

120. Stonington, Illinois National, and National Interstate have denied defense and indemnity obligations to ExxonMobil for the claims asserted against it in both Underlying Actions.

121. Zurich has denied defense and indemnity obligations to ExxonMobil for the claims asserted against it in the Singh Action.

122. Pursuant to the foregoing, an actual controversy exists between ExxonMobil and Stonington, Illinois National, and National Interstate as to whether they are required to defend and indemnify ExxonMobil for the Underlying Actions.

123. Pursuant to the foregoing, an actual controversy exists between ExxonMobil and Zurich as to whether Zurich is required to defend and indemnify ExxonMobil for the Singh Action.

124. ExxonMobil is an additional insured under the Stonington Policy.

125. ExxonMobil is an additional insured under each of the Illinois National Policies.

126. ExxonMobil is an additional insured under each of the Zurich Policies.

127. ExxonMobil is an additional insured under each of the National Interstate Policies.

128. The Singh Action seeks damages incurred because of bodily injury due to benzene exposure from petroleum products during Singh's employment with ITC from 1996 through 2020.

129. The Watt Action seeks damages incurred because of bodily injury due to benzene exposure from petroleum products during Watt's employment with ITC from 1985 through 2022.

130. The allegations in the Singh Action trigger Stonington's, Illinois National's, Zurich's, and National Interstate's each respective duty to defend ExxonMobil.

131. The allegations in the Watt Action trigger Stonington's, Illinois National's, Zurich's, and National Interstate's each respective duty to defend ExxonMobil.

132. No exclusions apply that would relieve Stonington, Illinois National, Zurich, or National Interstate from their duty to defend, indemnify, and pay on behalf of ExxonMobil a settlement that may be reached or judgment that may be entered in the Singh Action.

133. No exclusions apply that would relieve Stonington, Illinois National, or National Interstate from their duty to defend, indemnify, and pay on behalf of ExxonMobil a settlement that may be reached or judgment that may be entered in the Watt Action.

134. ExxonMobil is entitled to a declaration that Stonington, Illinois National, Zurich, and National Interstate are required to defend ExxonMobil and indemnify ExxonMobil for any settlements or judgments in the Singh Action, up to the applicable limits of liability of their respective policies.

135. ExxonMobil is entitled to a declaration that Stonington, Illinois National, and National Interstate are required to defend ExxonMobil and indemnify ExxonMobil for any settlements or judgments in the Watt Action, up to the applicable limits of liability of their respective policies.

**COUNT III**
**Breach of Contract (as to the Singh Action against Stonington, Illinois National, Zurich, and National Interstate)**

136. ExxonMobil incorporates by reference all allegations contained in the above paragraphs as if fully set forth herein.

137. The Insurance Policies sold to ITC by the Defendant Insurance Companies, under which ExxonMobil is an additional insured, constitute valid and enforceable contracts that impose upon the Defendant Insurance Companies certain obligations, including the obligation to defend and indemnify ExxonMobil in connection with claims or suits against ExxonMobil for liabilities arising out of, among other things, ITC's work, operations, negligence, and acts or omissions.

138. Notwithstanding those obligations, the Defendant Insurance Companies, by denying coverage, and failing to defend and indemnify ExxonMobil in connection with the Singh Action, have violated the contractual obligations owed to ExxonMobil and have therefore breached the subject Insurance Policies.

139. Stonington has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

140. Illinois National has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

141. Zurich has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

142. National Interstate has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

143. ExxonMobil has satisfied any obligations under the subject insurance policies and has complied with any conditions necessary for coverage under those policies.

144. The Defendant Insurance Companies' breaches, actions, and conduct described above constitute a breach of contract.

145. As a direct and proximate result of the Defendant Insurance Companies' breach of contract, ExxonMobil incurred and continues to incur damages, including, but not limited to, compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs.

**COUNT IV**
**Breach of Contract (as to the Watt Action against the Defendant Insurance Companies)**

146. ExxonMobil incorporates by reference all allegations contained in the above paragraphs as if fully set forth herein.

147. The Insurance Policies sold to ITC by the Defendant Insurance Companies, under which ExxonMobil is an additional insured, constitute valid and enforceable contracts that impose upon the Defendant Insurance Companies certain obligations, including the obligation to defend and indemnify ExxonMobil in connection with claims or suits against ExxonMobil for liabilities arising out of, among other things, ITC's work, operations, negligence, and acts or omissions.

148. Notwithstanding those obligations, the Defendant Insurance Companies, by denying coverage, and failing to completely defend and indemnify ExxonMobil in connection with the Watt Action, have violated their contractual obligations owed to ExxonMobil and have therefore breached the subject insurance policies.

149. Hartford has violated its coverage obligations by disclaiming indemnity coverage for the Watt Action.

150. Stonington has violated its coverage obligations by disclaiming defense and indemnity coverage for the Watt Action.

151. Illinois National has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

152. Zurich has violated its coverage obligations by disclaiming indemnity coverage for the Singh Action.

153. National Interstate has violated its coverage obligations by disclaiming defense and indemnity coverage for the Singh Action.

154. ExxonMobil has satisfied all obligations under the subject insurance policies and has complied with all conditions necessary for coverage under those policies.

155. The Defendant Insurance Companies' breaches, actions, and conduct described above constitute a breach of contract.

156. As a direct and proximate result of the Defendant Insurance Companies' breach of contract, ExxonMobil incurred and continues to incur damages, including, but not limited to, compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT V
## Breach of Implied Covenant of Good Faith and Fair Dealing

157. ExxonMobil incorporates by reference all allegations contained in the above paragraphs as if fully set forth herein.

158. The respective Insurance Policies of the Defendant Insurance Companies are valid contracts of insurance to which ExxonMobil is an additional insured.

159. There is an implied covenant of good faith and fair dealing in every contract.

160. As to Zurich, following tender, Zurich has taken numerous conflicting, inconsistent positions as to coverage, to the detriment of ExxonMobil, without changes to the underlying facts of the Singh Action: Zurich first denied coverage on March 14, 2024, then accepted defense on

April 8, 2024 subject to a reservation of rights, on November 25, 2024 Zurich continued to accept defense (still subject to a reservation of rights) but added that the "auto exclusion" may apply, and then finally outright denied defense and indemnity on April 2, 2025.

161. As to Illinois National, ExxonMobil tendered the Watt Action on April 5, 2024; although Illinois National has not denied coverage, it has improperly and without explanation or justification failed to defend ExxonMobil for the Watt Action.

162. As to Stonington, ExxonMobil tendered the Singh Action on February 26, 2024; although Stonington has not denied coverage, it has improperly and without explanation or justification failed to defend ExxonMobil for the Singh Action.

163. As to National Interstate, ExxonMobil tendered the Singh Action on February 26, 2024; although National Interstate has not denied coverage, it has improperly and without explanation or justificationn failed to defend ExxonMobil for the Singh Action.

164. The Defendant Insurance Companies have failed to deal fairly and in good faith with ExxonMobil due to their failure and refusal to defend and indemnify ExxonMobil for one or more of the Underlying Actions, and their improper claims-handling, despite repeated claims, requests, and demands.

165. Despite having no reasonably debatable basis for not defending and indemnifying ExxonMobil in accordance with their respective Insurance Policies, Stonington, Illinois National, Zurich, and National Interstate have failed to defend and indemnify ExxonMobil for the Singh Action.

166. Stonington, Illinois National, and National Interstate have further failed to deal fairly and in good faith with ExxonMobil by inexcusably disclaiming their duty to defend in the

years since the filing of the Watt Action, during which time and as a result of which ExxonMobil was significantly prejudiced.

167. Stonington, Illinois National, National Interstate, and Zurich have further breached their duties to ExxonMobil by unreasonably delaying, or failing to issue, proper coverage positions.

168. As a result of the Defendant Insurance Companies' willful breaches of their implied covenant of good faith and fair dealing with ExxonMobil, ExxonMobil has sustained and may in the future sustain damages, and is entitled to an award of compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs.

**WHEREFORE**, ExxonMobil prays that the Court grant the following relief:

a) Enter judgment declaring that Hartford, as under their respective Insurance Policies referenced herein, is obligated to provide indemnification for the Watt Action;

b) Enter judgment declaring all Defendant Insurance Companies that issued the CGL Insurance Policies referenced herein are liable for all defense costs, indemnification, and other damages incurred by ExxonMobil in connection with the Underlying Actions;

c) Enter judgment in favor of ExxonMobil and against Stonington, Illinois National, Zurich, and National Interstate, as to the Singh Action for breach of contract in an amount to be determined at trial;

d) Enter judgment in favor of ExxonMobil and against the Defendant Insurance Companies as to the Watt Action for breach of contract in an amount to be determined at trial;

e) Enter judgment in favor of ExxonMobil and against the Defendant Insurance Companies for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;

f) Award ExxonMobil actual, consequential, and any other damages, including punitive or extracontractual damages; costs, disbursements, expenses, and attorneys' fees pursuant to New Jersey R. 4:42-9(a)(6); and pre- and post-judgment interest; and

g) Any such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

ExxonMobil demands trial by jury on all issues so triable.

Dated: October 10, 2025

By: /s/ Pamela D. Hans

Pamela D. Hans, Esq. (Bar No. 005632001)
John P. Lacey Jr., Esq. (Bar No. 230812018)
**ANDERSON KILL P.C.**
One Gateway Center, Suite 1500
Newark, New Jersey 07102
Tel.: (267) 216-2720
phans@andersonkill.com
jlacey@andersonkill.com

Jorge R. Aviles, Esq. (*pro hac vice* forthcoming)
Jamie L. O'Neill, Esq. (*pro hac vice* forthcoming)
**ANDERSON KILL P.C.**
7 Times Square, Floor 15
New York, New York 10036
javiles@andersonkill.com
joneill@andersonkill.com
Tel.: (212) 278-1000

*Attorneys for Plaintiff ExxonMobil Corporation*

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Pamela D. Hans, Esq. is designated as trial counsel for Plaintiff.

Dated: October 10, 2025

By: /s/ Pamela D. Hans
Pamela D. Hans, Esq. (Bar No. 005632001)
**ANDERSON KILL P.C.**
One Gateway Center, Suite 1500
Newark, New Jersey 07102
Tel.: (267) 216-2720
phans@andersonkill.com

*Attorneys for Plaintiff*
*Exxon Mobil Corporation*

**RULE 4:5-1 CERTIFICATION**

Pursuant to R. 4:5-1, I hereby certify that the underlying issues of liability giving rise to this insurance coverage action are the subject of the following two actions:

- *Singh v. Exxon Mobil Corporation, et al.*, Docket No. MID-L-004215-22
- *Watt v. BP Products North America, Inc., et al.*, No. 151554/2024 (N.Y. Sup. Ct. N.Y. Cnty.)

I further certify that I am not aware of any other party who should be joined in this matter.

Dated: October 10, 2025

By: /s/ Pamela D. Hans

Pamela D. Hans, Esq. (Bar No. 005632001)
John P. Lacey Jr., Esq. (Bar No. 230812018)
**ANDERSON KILL P.C.**
One Gateway Center, Suite 1500
Newark, New Jersey 07102
Tel.: (267) 216-2720
phans@andersonkill.com
jlacey@andersonkill.com

*Attorneys for Plaintiff*
*Exxon Mobil Corporation*

**CERTIFICATION PURSUANT TO RULE 1:38-7**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: October 10, 2025

By: /s/ Pamela D. Hans

Pamela D. Hans, Esq. (Bar No. 005632001)
John P. Lacey Jr., Esq. (Bar No. 230812018)
**ANDERSON KILL P.C.**
One Gateway Center, Suite 1500
Newark, New Jersey 07102
Tel.: (267) 216-2720
phans@andersonkill.com
jlacey@andersonkill.com

*Attorneys for Plaintiff*
*Exxon Mobil Corporation*

New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

**For Use by Clerk's Office Only**

| Payment type | Charge/Check Number | Amount | Overpayment | Batch Number |
|---|---|---|---|---|
| ☐ check<br>☐ charge<br>☐ cash | | $ | $ | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Pamela D. Hans | (267) 216-2720 ext. | Mercer |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Anderson Kill P.C. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| One Gateway Center, Suite 1500 | Newark | NJ | 07102 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Exxon Mobil Corporation | Exxon Mobil Corporation v. Hartford Accident and |

Case Type Number (See page 3 for listing) 599

Are sexual abuse claims alleged? ☐ Yes ■ No

Does this case involve claims related to COVID-19? ☐ Yes ■ No

Is this a professional malpractice case? ☐ Yes ■ No

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ■ Yes ☐ No

If "Yes," list docket numbers

MID-L-004215-22; No. 151554/2024 (N.Y. Sup. Ct. N.Y. Cnty.)

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No

Name of defendant's primary insurance company (if known) ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ■ Yes ☐ No

If "Yes," is that relationship:

☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ■ Business

☐ Other (explain) ______________________________

Does the statute governing this case provide for payment of fees by the losing party? ■ Yes ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

♿ Do you or your client need any disability accommodations? ☐ Yes ■ No

If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ■ No

If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: /s/ Pamela D. Hans

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 804 | Election Law |
| 805 | Civil Commitment Expungement |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

| Track IV - Active Case Management by Individual Judge / 450 days discovery | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |
| 816 | Affordable Housing |

| Multicounty Litigation (Track IV) | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |
| 640 | Bard Implanted Port Catheter Products |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-002167-25**

**Case Caption:** EXXON MOBIL CORPORAT ION VS HARTFORD ACCIDENT AN
**Case Initiation Date:** 10/10/2025
**Attorney Name:** JOHN P LACEY JR
**Firm Name:** ANDERSON KILL PC
**Address:** ONE GATEWAY CENTER SUITE 1500 NEWARK NJ 07102
**Phone:** 9736425858
**Name of Party:** PLAINTIFF : Exxon Mobil Corporation
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Case Information Statement
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** 004215 22 151554 2024
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Exxon Mobil Corporation? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2025
Dated

/s/ JOHN P LACEY JR
Signed

[redacted]



MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON NJ 08650-0068

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS 8:30 AM - 4:30 PM

DATE: OCTOBER 13, 2025
RE: EXXON MOBIL CORPORAT ION VS HARTFORD ACCIDENT AN
DOCKET: MER L -002167 25

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JODI BOUER

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 020 AT: (609) 571-4200 EXT 74454.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: JOHN P. LACEY
ANDERSON KILL PC
ONE GATEWAY CENTER
SUITE 1500
NEWARK NJ 07102

ECOURTS